UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | |
|---|---|
| AMBER ROBERTS, individually and on behalf of all others similarly situated;<br><br>　　　　　Plaintiff,<br><br>vs.<br><br>MICHAEL NGUYEN NORTH TEXAS DENTAL PLLC, and MICHAEL NGUYEN<br><br>　　　　　Defendants. | CIVIL ACTION NO. 4:18-cv-472<br><br>JURY TRIAL DEMANDED<br><br>COLLECTIVE ACTION PURSUANT TO 29 U.S.C. § 216(b) |

**PLAINTIFF'S ORIGINAL COLLECTIVE ACTION COMPLAINT**

Plaintiff, Amber Roberts, on behalf of herself and others similarly situated (hereinafter collectively "Plaintiffs"), by and through her counsel, files this Collective Action Complaint against Defendants Michael Nguyen North Texas Dental PLLC, and Michael Nguyen (hereinafter "Defendants"), and seeks to recover for Defendants' violations of the Fair Labor Standards Act of 1938 (FLSA), 29 U.S.C. §§ 201 *et seq.*, and hereby states and alleges as follows:

## I.　　INTRODUCTION

1.　Plaintiff brings claims under the Fair Labor Standards Act of 1938, 29 U.S.C. § 201, *et seq.*, (hereinafter "FLSA"), on behalf of herself and all others similarly-situated, to recover unpaid overtime compensation under § 216(b) of the FLSA. Plaintiff brings this claim as a collective action on behalf of herself and all current or former workers employed by Defendants from June 2015, to present, who were not paid for all hours worked, including hours in excess of

40 hours a week as required by § 207(a) of the FLSA. Plaintiff additionally brings a claim for breach of contract for compensation owed to her for non-overtime hours worked.

## II.    PARTIES

2.    Plaintiff, Amber Roberts, is a citizen of the United States, domiciled in the City of Pagosa Springs, State of Colorado, and was employed by Defendants as a scheduling coordinator from June 2017 to October 2017. Plaintiff was an hourly employee at all relevant times and was not paid for all hours worked, including hours in excess of 40 hours a week.

3.    Defendant Michael Nguyen North Texas Dental PLLC (hereinafter reffered to as "North Texas Dental") is a Texas Corporation with its principal place of business in Sherman, Texas, which can be served with process by serving its registerd agent, Michael Nguyen, at 2515 Masters Street, Sherman, Texas 75090, or wherever he may be found. Defendant North Texas Dental employed Plaintiff and other similarly situated employees and participated directly in employment decisions regarding Plaintiff's rights for which Plaintiff seeks redress in this case.

4.    Defendant Michael Nguyen (hereinafter referred to as "Nguyen") is an individual who can be served at 2515 Masters Street, Sherman, Texas 75090, or wherever he may be found. At all relevant times, Nguyen was owner, president, and director of North Texas Dental and, as such, is an "employer" under the FLSA. Defendant Nguyen employed Plaintiff and other similarly situated employees and participated directly in employment decisions regarding Plaintiff's rights for which Plaintiff seeks redress in this case. At all relevant times, Defendant Nguyen has controlled the operations, pay policies, payroll decisions, and personnel decisions for Defendant North Texas Dental. At all relevant times, Defendant Nguyen has had the power to transfer the assets and liabilities of, declare backruptcy for, enter into contracts on behalf of, and close or sell

Defendant North Texas Dental. At all relevant times, Defendant Nguyen had the power to stop any illegal pay practices that harmed Plaintiff and similarly situated employees.

5. The precise size and the identity of the Putative Class Members should be ascertainable from the business records, tax records and/or employee or personnel records of Defendants and their related and affiliated entities.

### III.  JURISDICTION

6. This Court has jurisdiction over the subject matter of this action pursuant to the Fair Labor Standards Act of 1938, 29 U.S.C. § 216(b) and 28 U.S.C. §§ 1331, 1337. Plaintiff's claims arise under § 207(a) of the FLSA. This Court has pendent jurisdiction over Plaintiff's state law claims. Additionally, this Court has personal jurisdiction over Defendants because Defendants conduct business in the Eastern District of Texas.

### IV.  VENUE

7. Venue is proper in this District under 28 U.S.C. § 1391(b)(1), as Defendants are domiciled within this District, and under 28 U.S.C. § 1391(b)(2), as a substantial part of the events giving rise to the claims occurred in this District.

### V.  COVERAGE UNDER THE FLSA

8. At all times hereinafter mentioned, Defendants are and have been employers within the meaning of 29 U.S.C. § 203(d).

9. At all times hereinafter mentioned, Defendants are and have been an enterprise within the meaning of 29 U.S.C. § 203(r).

10. At all times hereinafter mentioned, Defendants have been an enterprise engaged in commerce or in the production of goods or services for commerce within the meaning of 29 U.S.C. § 203(s)(1), in that said enterprise has and has had employees engaged in commerce or in the

production of goods for commerce, or employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person and in that said enterprise has had and has an annual gross volume of sales made or business done of not less than $500,000.

11. At all times hereinafter mentioned, Plaintiff and all others similarly situated were individual non-exempt employees engaged in commerce or in the production of goods for commerce.

## VI.   FACTS

12. Plaintiff and the similarly situated employees were employed by Defendants as staff in Defendants' dental office located in Sherman, Texas.

13. Plaintiff was asked to travel to Florida to attend mandatory training in August 2017 and was not informed in advance that she would not be paid for the hours spent traveling or for the time spent in training. Plaintiff was paid nothing for the week of training in Florida.

14. Plaintiff attended the unpaid training at a facility in Florida called Managament Experts Inc. (MGE). MGE purports to specialize in helping dental offices grow their practices. Once she began the training, Plaintiff realized that the "training" MGE offered was actually Scientology indoctrination sessions masked as sales seminars. Plaintiff and the other Class Members were ordered to sign a contract stating that the training was not Scientology, they would not drink alcohol 24 hours before training, told to disclose all medications, and provide personal contact information on family members and friends. The rooms were filled with busts of L. Ron Hubbard, the shelves were full of Scientology books, the trainers were Scientologists, and the training materials, principles, definitions, terms, and ideals in the training materials were also created by L. Ron Hubbard.

15. Plaintiff declined to return to Florida to attend further unpaid Scientology sessions and informed Defendants that she did not appreciate the Scientolgy indoctrination. Plaintiff also complained about Defendants' refusal to pay her for the mandated training. Plaintiff was told by Management to keep her opinions regarding the Scientology training to herself. Plaitiff was promptly relieved of all duties, and religated to an office away from the other employees.

16. Plaintiff was terminated on October 30, 2017, for complaining about the mandated unpaid training and Defendants' failure or refusal to comply with the FLSA.

17. Other similarly situated employees continued to attend unpaid Scientology sessions. Both before and after Plaintiff was required to travel to Florida for Scientology training, other similarly situated employees have been required to travel to Florida for Scientology training, working in excess of 40 hours during that training without pay.

18. Plaintiff and similarly situated employees were not paid anything for the hours they worked during the mandatory Scientology training. Not only were they not paid their regular hourly rates for that time, they were not paid even the minimum wage mandated by the FLSA, and they were not paid for their overtime hours worked as required by the FLSA.

19. Plaintiff and other employees were also required to attend training sessions during their lunch hours. Plaintiff was not compensated for the time spent in those training sessions.

20. Plaintiff is aware of other current and former employees of Defendants who were subject to the same payroll practices.

## VII. COLLECTIVE ACTION ALLEGATIONS

21. Plaintiff (the "Collective Action Representative") brings this FLSA claim as an "opt-in" collective action pursuant to 29 U.S.C. § 216(b) (the "Collective Action"). In addition to the claims of the individually named Plaintiff, Plaintiff brings this action as a representative of all

similarly situated former and current employees of the Defendants. The potential class of "opt-in employees can be defined as:

> *All current or former hourly employees employed by Defendants Michael Nguyen North Texas Dental PLLC and Michael Nguyen since July 2, 2015, who were not paid for all hours worked at a rate of at least the federal minimum wage or were not compensated for all overtime hours worked at the rate of time and one-half their regular hourly rate for all hours worked over forty (40) in a given workweek. in excess of 40 hours a week.*

22. Plaintiff is aware of other current and former employees of Defendants who were affected by the Defendants' policies and practices complained of in this action. Defendants' failure to pay employees for hours worked as required by the FLSA results from a generally applicable, systematic policy and practice and is not dependent on the personal circumstances of any individual employee. Thus, Plaintiff and the Class Members are similarly situated employees.

23. FLSA claims may be pursued by those who opt-in to this case, pursuant to 29 U.S.C. § 216(b).

24. Plaintiff, individually and on behalf of other similarly situated employees, seeks relief on a collective basis, challenging, among other FLSA violations, Defendants' practice of failing or refusing to compensate their employees at a rate of at least the federal minimum wage for all hours worked and the rate of one and one-half times their regular hourly rate for all hours worked ine excess of 40 hours in a given week.

25. The number and identity of other plaintiffs yet to opt-in and consent to be party plaintiffs may be determined from the records of Defendants, and potential collective action members may be easily and quickly notified of the pendency of this action. Potential collective action members may be informed of the pendency of this collective action through direct mail and office posting.

26. There are questions of fact and law common to the class that predominate over any questions affecting only individual members. The questions of law and fact common to the class arising from Defendants' actions include, without limitation, the following:

    a. Whether Plaintiffs were compensated for all hours worked;

    b. Whether Plaintiffs worked more than 40 hours per week;

    c. Whether Plaintiffs were compensated at a rate of at least the federal minimum wage for all hours worked;

    d. Whether Plaintiffs were compensated at one and one-half times their "regular rate" for all hours worked over forty in any and all weeks;

    e. Whether Defendants' practices accurately account for the time Plaintiffs actually were working;

    f. Whether Defendants' compensation policy and practice is illegal; and

    g. Whether Defendants had a policy and practice of willfully failing to compensate employees for minimum wage and overtime wages.

27. The questions set forth above predominate over any questions affecting only individual persons, and a collective action is superior, with respect to considerations of consistency, economy, fairness, and equity, to other available methods for the fair and efficient adjudication of the federal law claims.

28. The specific job titles or precise job requirements of the similarly situated employees do not prevent collective treatment. All non-exempt hourly employees, regardless of their precise job requirements or rates of pay, are entitled to be properly compensated for all hours worked, including hours in excess of 40 hours per week at the overtime rate. Although the issue

of damages may be individual in character, there is no detraction from the common nucleus of liability facts.

29. The Collective Action Representative's claims are typical of those of the similarly situated employees in that these employees have been employed in the same or similar positions as the Collective Action Representative and were subject to the same or similar unlawful practices as the Collective Action Representative.

30. A collective action is the appropriate method for the fair and efficient adjudication of this controversy. Defendants have acted or refused to act on grounds generally applicable to the similarly situated current and former employees. The presentation of separate actions by individual similarly situated current or former employees could create a risk of inconsistent and varying adjudications, establish incompatible standards of conduct for the Defendants, and/or substantially impair or impede the ability of collective action members to protect their interests.

31. The Collective Action Representative is an adequate representative of similarly situated current and former employees because she was an employee of the same entity, was subjected to the same policies and practices, and her interests do not conflict with the interests of the other similarly situated current and former employees she seeks to represent. The Collective Action Representative worked for the Defendants, the Defendants' compensation practices which are the subject of this complaint deprived her of minimum wage and overtime compensation, and she is personally aware of the facts underlying this matter. The interests of the collective action members will be fairly and adequately protected by the Collective Action Representative and her undersigned counsel.

32. Maintenance of this action as a collective action is a fair and efficient method for the adjudication of this controversy. It would be impracticable and undesirable for each member

of the collective action who suffered harm to bring a separate action. In addition, the maintenance of separate actions would place a substantial and unnecessary burden on the courts and could result in inconsistent adjudications. On the other hand, a single collective action can determine, with judicial economy, the rights of all collective action members.

### VIII.  COUNT I
### (Violation of FLSA, 29 U.S.C. § 207(a))

1. All preceding paragraphs are incorporated herein as if set forth in full.

2. At all material times, Plaintiff and all others similarly situated were employees of Defendant.

3. At all material times, Defendants, as more fully set forth above, required and/or permitted Plaintiff and all others similarly situated to work in excess of 40 hours per week, but refused to compensate them for all such hours.

4. Such conduct by Defendants was a violation of the FLSA, which requires non-exempt employees to be compensated for their overtime work at a rate of at least one-and-one-half times their regular hourly rate. *See* 29 U.S.C. § 207(a).

5. Accordingly, Plaintiff and all others similarly situated have been deprived of overtime compensation in amounts to be determined at trial.

6. Further, Plaintiff and all others similarly situated are entitled to recovery of liquidated damages and other fees and expenses, including, without limitation, costs of court, expenses, and attorneys' fees. *See* 29 U.S.C. § 216(b).

7. Finally, the claims in the action are subject to a three-year statute of limitations because the violations of the FLSA by the Defendants were willful. Specifically, the Defendants had actual knowledge of the FLSA and knew that the Plaintiffs are and were non-exempt

employees and are therefore entitled to the payment of overtime for all hours worked in excess of 40 hours per week. *See* 29 U.S.C. § 255.

## IX. COUNT II
### (Violation of FLSA, 29 U.S.C. § 206(a))

8. All preceding paragraphs are incorporated herein as if set forth in full.

9. During each week in which Plaintiff or similarly situated employees were required to participate in Scientology training, Defendants required Plaintiff and all similarly situated employees to work off-the-clock hours without compensating them for all hours worked at a rate of at least the federal minimum wage.

10. Such conduct by Defendants was a violation of the FLSA, which requires employees to be compensated for all hours worked at a rate of at least the federal minimum wage. *See* 29 U.S.C. § 206(a).

11. Accordingly, Plaintiff and all others similarly situated have been deprived of minimum wage compensation in amounts to be determined at trial.

12. Further, Plaintiff and all others similarly situated are entitled to recovery of liquidated damages and other fees and expenses, including, without limitation, costs of court, expenses, and attorneys' fees. *See* 29 U.S.C. § 216(b).

## X. COUNT III
### (Violation of FLSA, 29 U.S.C. § 215(a)(3))

13. All preceding paragraphs are incorporated herein as if set fort in full.

14. Immediately after Plaintiff complained about being forced to attend unpaid training, Defendants reassigned Plaintiff to an office in which she would be secluded from the rest of Defendants' employees and from Defendants' clients, and relieved her of all work duties except

for verifying insurance coverage. And within two months of complaining about being forced to attend unpaid training, Defendant terminated Plaintiff's employment, citing "financial issues."

15. Such conduct by Defendants was a violation of the FLSA, which prohibits retaliation for complaints about FLSA violations.

16. As a result, Plaintiff has suffered lost wages and expects to continue to suffer lost wages in the future and has suffered other related economic damages.

17. Plaintiff is entitled to recover lost wages, economic damages, liquidated damages, punitive damages, and other fees and expenses, including, without limitation, costs of court, expenses, and attorneys' fees. *See* 29 U.S.C. § 216(b).

18. Finally, the claims in the action are subject to a three-year statute of limitations because the violations of the FLSA by Defendants were willful. Specifically, the Defendants had actual knowledge of the FLSA and knew that the Plaintiff and all similarly situated employees were entitled to compensation at a rate of at least the federal minimum wage. *See* 29 U.S.C. § 255.

## XI. COUNT IV
### (Recordkeeping Violations, 29 U.S.C. § 211(c))

19. All preceding paragraphs are incorporated herein as if set forth in full.

20. Defendants have failed to make, keep, and preserve accurate records with respect to the hours worked by Plaintiff and similarly situated employees, as required by 29 U.S.C. § 211(c) and supporting federal regulations.

## XII. COUNT V
### (Breach of Contract)

21. All preceding paragraphs are incorporated herein as if set forth in full.

22. Plaintiff and Defendants entered into a valid, enforceable contract when Defendants hired Plaintiff and Plaintiff agreed to work for Defendants at a stated hourly rate.

23. Defendants required Plaintiff to attend mandatory training, including Scientology training, as part of her work requirements. Plaintiff performed the work requested of her, including traveling to and attending Scientology indoctrination training.

24. Defendants breached the contract. Namely, Defendants required Plaintiff to attend training and refused to compensate her for her time worked during that training.

25. Defendants' breach caused damages to Plaintiff. Plaintiff has suffered compensatory and consequential damages as a result of not being compensated for the hours she worked. Plaintiff additionally seeks compensation for her costs of court, expenses, and attorneys' fees incurred in prosecuting this action.

## XIII. PRAYER FOR RELIEF

Plaintiff respectfully prays that this Court:

(a) at the earliest possible time, issue an Order allowing Notice or issue such Court supervised Notice to all similarly situated current and former employees of Defendants, as described above, of this action and their rights to participate in this action. Such Notice shall inform all similarly situated current and qualified former employees of the pendency of this action, the nature of this action, and of their right to "opt in" to this action if they did not receive compensation for all hours worked at a rate of at least the federal minimum wage or proper overtime compensation for hours worked in excess of 40 in a week;

(b) issue an Order directing and requiring Defendants to pay Plaintiff and all other similarly situated employees damages in the form of reimbursement for unpaid minimum wages for all hours worked and premium overtime wages (past and future) for all time spent in excess of 40 hours per week performing compensable work for which they were not paid pursuant to the rate provided by the FLSA;

(c) issue an Order directing and requiring Defendants to pay Plaintiff and all other similarly situated employees liquidated damages pursuant to the FLSA in an amount equal to, and in addition to, the amount of minimum and overtimes wages owed to them;

(d) issue an Order directing and requiring Defendants to reimburse Plaintiff and other similarly situated employees for the costs of court, expenses, and attorneys' fees expended in the course of litigating this action, with pre-judgment and post-judgment interest;

(e) issue an Order declaring Defendants' compensation and recordkeeping practices to be illegal and directing Defendants to comply with the FLSA;

(f) issue an Order for injunctive relief ordering the Defendants to end all of the illegal wage and recordkeeping practices alleged herein pursuant to the FLSA;

(g) issue an Order directing and requiring Defendants to pay Plaintiff all wages owed to Plaintiff pursuant to the terms of the employment agreement, all consequential damages resulting from Defendants' breach of that contract, and the costs of court, expenses, and attorneys' fees expended in the course of litigating this action, with pre-judgment and post-judgment interest; and

(h) provide Plaintiff and all other similarly situated employees with such other and further relief as the Court deems just and proper.

### XIV. **DEMAND FOR JURY TRIAL**

Plaintiff hereby requests trial by jury of all issues triable by jury under Texas and Federal law.

Respectfully Submitted:

By: */s/ Corinna Chandler*
Corinna Chandler
Texas Bar No. 24061272
Chandler Law, P.C.
3419 Westminster #343G
Dallas, Texas 75205
972-342-8793
972-692-5220 (fax)
chandler@chandlerlawpc.com